Dear Commissioner Terrell:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Bogalusa branch office of the Registrar of Voters for Washington Parish. You indicate the Bogalusa office was established in 1965 pursuant to Act 118 of the 1965 Regular Session. Thereafter, Act 622 of 1968 was enacted relative to branch offices of the Registrar of Voters which required that the parish governing authority adopt by resolution the provisions of the Act. You state it is your understanding that a resolution recognizing and adopting the provisions of Act 622 of 1968 as required by the Act was never made. We note it was provided, "The provisions of this Act shall become effective as to each parish in the state only after the governing authority has adopted a resolution to make the provisions hereof applicable to said parish and then only when in each respective parish the entire voter registration rolls of the parish have been placed in effect in the board of registration computer center by the board of registration." In this regard you ask the following questions:
 1. Does the Bogalusa branch office of the Washington Parish Registrar of Voters properly and legally exist?
 2. If a resolution was never adopted, may the Parish governing authority adopt a resolution or ordinance retroactive to 1968 adopting the provisions of Act 622 and establishing the branch office?
Act 118 of 1965 to amend and re-enact Section 72 of Title 18 pertaining to the location branch office, added a new Subsection designated as Subsection C providing as follows:
 In cases not otherwise specifically provided for by law in all parishes in excess of fifteen thousand according to the official U.S. census of 1960 which is not the parish seat, and which is located more than ten miles from the parish seat, the registrar of voters for such parish shall maintain a permanent branch office in such municipality at an exact site to be selected by him. This office shall be kept open on Monday of each week, except legal holidays falling on Monday, from 9:00 A.M. until 1:00 P.M. and from 2: P.M. until 6:00 P.M. and such other days and hours as the registrar considers necessary. (Emphasis added.)
 The expenses of maintaining such branch offices, including salaries of necessary personnel, shall be paid by the governing authority of the parish wherein the branch offices are maintained, except that seven hundred fifty dollars per annum for the maintenance of each such branch office shall be paid monthly in such manner as is provided by law out of any funds in the general fund of the state treasury not otherwise appropriated.
As you note, Act 622 of 1968 was enacted to amend and re-enact Chapter 1 of Title 18 of the Revised Statutes. Therein it is provided in PART III, OFFICE, PLACE OF REGISTRATION, AND OFFICE HOURS, Section 72(F) as follows:
 In the parish of Washington, the registrar of voters shall maintain a permanent branch office in Bogalusa at a site provided by the City of Bogalusa or the governing authority of the parish of Washington. This office shall be kept open; on Monday of each week, except legal holidays falling on Monday, from 9:00 A.M. until 1:00 P.M. and from 2:00 P.M. until 6:00 P.M. and such other days and hours as the registrar considers necessary. Seven Hundred Fifty Dollars per annum for the maintenance of this branch office shall be paid monthly in such manner as is provided by law out of any funds in the general fund of the state treasury not otherwise appropriated.
It would appear Act 622 of 1968 in Paragraph F of Section 72 that provided "the registrar of voters shall maintain a permanent branch in Bogalusa" merely continued the provisions of the earlier Act of 1965 that mandated the branch office in parishes in excess of 15,000 people. In light of the earlier Act, we do not find that the mandate of the Act in 1968 for a branch office in Bogaluss renders that office invalid inasmuch as the provisions of the Act would become effective as to each parish "only after the governing authority has adopted a resolution tomake the provisions hereof applicable to said parish." Despite there was no resolution for the branch office in Boglusa to effectuate the provisions of Act 622 of 1968, we do not find the resolution necessary for an office which was already established in accordance with the law in 1965. Moreover, in this regard we note that the last proviso of Act 622
of 1968 is that "all laws or parts of laws in conflict herewith are hereby repealed". Finding the earlier law was of the same contents with respect to authorizing a branch office in Bogalusa, there would be no conflict and would remain a valid law.
Of course, there is nothing to prohibit the parish governing authority from adopting a resolution to verify that the office previously established in Bogalusa in 1965 would continue as subsequently reaffirmed by the provisions of Act 662 of 1968. Moreover, we find it pertinent to recognize in accordance with R.S. 18:133 it is provided "any and all branch offices, whether permanent or temporary, and any or all mobile registration units, in operation on December 31, 1977 may be continued in operation by the governing authority, heretofore responsible therefor, and those continued in operation shall continue to be funded by the state or local authorities heretofore made responsible therefor." The statute further provides, in addition to the offices continued in the prior section, the registrar of each parish, with prior approval and at the expense of the parish governing authority, may provide permanent branch offices at sites selected by and operated by the registrar.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received: August 9, 2001
Date Released: October 9, 2001